FILED
APR 16 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:25 CR 00165 |
| | ) | Title 18, United States Code, |
| BEHROUZ PARSARAD, | ) | Sections 1956(a)(1)(A)(i), |
| aka BEHROUZ PARSA, | ) | 1956(a)(1)(B)(i), 1956(h), and 2; |
| aka BEHROUZ PAEINSHAHRI, | ) | Title 21, United States Code, |
| aka FRANCIS, | ) | Sections 841(a)(1), (b)(1)(A), |
| aka FATHERFRANCIS, | ) | (b)(1)(B), (b)(1)(C), and 846 |
| aka FRANCIS_NEMESIS, | ) | |
| aka JOHN KOTKIN, | ) | JUDGE LIOI |
| Defendant. | ) | |

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. The Defendant, BEHROUZ PARSARAD, aka BEHROUZ PARSA, aka BEHROUZ PAEINSHAHRI, aka FRANCIS, aka FATHERFRANCIS, aka FRANCIS_NEMESIS, aka JOHN KOTKIN (hereinafter, "PARSARAD"), was an Iranian national residing in Iran and occasionally traveling to Turkey.

2. In or around March 2021, PARSARAD created Nemesis Market (hereinafter "Nemesis"), a dark web marketplace designed to enable users to buy and sell illegal drugs and other illicit goods and services, including stolen financial information, fraudulent identification documents, counterfeit currencies, and computer malware.

3. In or around March 2021, PARSARAD launched Nemesis on a TOR server. "TOR" stands for "The Onion Router", a network that allows users to operate websites, called

"hidden services," in a manner that conceals the true IP address of the computer hosting the website. For these reasons, hidden services are often referenced as residing on the "Darknet" or "Dark web." These networks made it difficult to identify the true physical locations of Nemesis's administrator, vendors, and customers.

4. From its launch until in or around March 2024, PARSARAD, with the agreement and assistance of other persons acting as vendors of illegal drugs and illicit goods and services, operated and administered Nemesis as a fully functional online marketplace for illegal goods and services. PARSARAD created and used numerous aliases, including for different services and accounts associated with Nemesis, including BEHROUZ PARSA, BEHROUZ PAEINSHAHRI, FRANCIS, FATHERFRANCIS, FRANCIS_NEMESIS, and JOHN KOTKIN.

5. On or about March 26, 2021, PARSARAD, using the moniker "FATHERFRANCIS," posted the Onion address for Nemesis in a post on a dark web site commonly used to discuss illegal activities and ways to avoid law enforcement. In that post, PARSARAD represented that he "coded this market from scratch" and was planning to add more features. In this context, "coded" refers to writing the computer code that allowed Nemesis to function. The market commission was advertised as 5% per sale. Market commission referred to the percentage of each transaction that is kept by the owner of the marketplace. In this instance, the owner was PARSARAD.

6. PARSARAD required users of Nemesis, including buyers and vendors, to transact in cryptocurrency. At first, Nemesis accepted only Monero (XMR), but later Nemesis accepted Bitcoin (BTC) and Litecoin (LTC). Users did not transact in official, government-backed currencies.

2

7. To place an order for illicit goods and services on Nemesis, customers sent the required amount of cryptocurrency to a Nemesis escrow account controlled by PARSARAD. Nemesis, through PARSARAD, controlled many such escrow accounts. When a vendor withdrew the vendor's balance, the funds were withdrawn from one or more of the escrow accounts. On or about March 11, 2024, PARSARAD, using the moniker "FRANCIS" on a Nemesis forum, explained to a buyer, "you will send it directly to our wallet and we will send it to your vendor after mixing it." "Mixing," also called "tumbling," is the process of obscuring the origin and destination of cryptocurrency funds by pooling together multiple users' coins, then randomly distributing them back out, making it difficult to trace the source of individual coins on the blockchain.

8. Nemesis vendors sold a variety of controlled substances, including fentanyl, cocaine, heroin, methamphetamine, LSD, and opioids. Vendors advertised their controlled substances on Nemesis, typically including photographs and a description. These listings were organized by category and then type of controlled substance.

9. By in or about March 2024, Nemesis grew to reach over 150,000 users and had more than 1,100 vendor accounts registered worldwide. Between in or around March 2021 and in or around March 2024, Nemesis processed more than 400,000 orders, including more than 60,000 orders in 2022 and more than 250,000 orders in 2023. Of these, more than 55,000 orders were categorized as stimulants, which included sub-categories for methamphetamine, cocaine, cocaine base (crack), and other controlled substances. More than 17,000 orders were categorized as opioids, which included sub-categories for fentanyl, heroin, and oxycodone. All of the substances covertly purchased by the government and marketed on Nemesis as "isotonitazene,"

"M30s" (purporting to be oxycodone), and "Percs" (purporting to be Percocet) were confirmed by laboratory reports to be mixtures and substances containing fentanyl, a Schedule II controlled substance and/or acetylfentanyl, heroin, and/or protonitazene, each a Schedule I controlled substance.

## COUNT 1
(Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 846)

The Grand Jury further charges that:

10. Paragraphs 1 through 9 are incorporated by reference as if fully set forth herein.

11. Beginning in or around approximately March 2021 and continuing until on or about March 20, 2024, in the Northern District of Ohio, and elsewhere, Defendant BEHROUZ PARSARAD, aka BEHROUZ PARSA, aka BEHROUZ PAEINSHAHRI, aka FRANCIS, aka FATHERFRANCIS, aka FRANCIS_NEMESIS, aka JOHN KOTKIN with other persons unknown to the Grand Jury, did knowingly and intentionally conspire, confederate, and agree together and with each other to distribute and cause the distribution of controlled substances, to wit, 50 grams or more of methamphetamine, a Schedule II controlled substance, 40 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance, a mixture and substance containing protonitazene, a Schedule I controlled substance, a mixture and substance containing LSD, a Schedule I controlled substance, a mixture and substance containing 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, and a mixture and substance containing acetyl fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), (b)(1)(B), and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

COUNTS 2-6
(Distribution of Controlled Substances, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2)

The Grand Jury further charges that:

12. Paragraphs 1 through 9 are incorporated by reference as if fully set forth herein.

13. On or about the dates set forth in the table below, Defendant BEHROUZ PARSARAD, aka BEHROUZ PARSA, aka BEHROUZ PAEINSHAHRI, aka FRANCIS, aka FATHERFRANCIS, aka FRANCIS_NEMESIS, aka JOHN KOTKIN, and others, aiding and abetting one another, in the Northern District of Ohio, knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance, in the quantities and of the purity set forth in the table below:

| Count | Date | Controlled Substance |
|---|---|---|
| 2 | January 10, 2023 | 14.6 grams of 97% pure methamphetamine |
| 3 | February 7, 2023 | 14.7 grams of 96% pure methamphetamine |
| 4 | August 20, 2023 | 17.2 grams of 95% pure methamphetamine |
| 5 | December 4, 2023 | 15.5 grams of 97% pure methamphetamine |
| 6 | January 8, 2023 | 17.6 grams of 96% pure methamphetamine |

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

COUNT 7
(Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

The Grand Jury further charges that:

12. Paragraphs 1 through 9 are incorporated by reference as if fully set forth herein.

5

13. As described above, Nemesis hosted cryptocurrency addresses for its users, both vendors and buyers, to carry out and otherwise facilitate illegal transactions. Nemesis conducted cryptocurrency transactions in a way that disassociated venders from their transactions. Nemesis also provided instructions for its users to use "privacy coins" such as Monero, to obscure the historical trail of digital currency associated with the site and its users, some of whom were in the Northern District of Ohio. Further, as described above, Nemesis took a percentage of all transactions occurring through its site as a commission, which went to PARSARAD.

14. Further, some proceeds from the Nemesis marketplace were used to pay for the servers and other infrastructure used to host and support the marketplace.

15. Beginning in or around March 2021 and continuing until on or about March 20, 2024, in the Northern District of Ohio, and elsewhere, Defendant BEHROUZ PARSARAD, aka BEHROUZ PARSA, aka BEHROUZ PAEINSHAHRI, aka FRANCIS, aka FATHERFRANCIS, aka FRANCIS_NEMESIS, aka JOHN KOTKIN, did knowingly combine, conspire and agree with other persons, unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activities, that is, drug trafficking in violation of Title 21, United States Code, Sections 841 and 846, with the intent to promote the carrying on specified unlawful activity, that is, drug trafficking in violation of Title 21, United States Code, Sections 841 and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented

the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

The Grand Jury further charges:

16. The allegations contained in Counts 1-7 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 (drug offenses), and Title 18, United States Code, Section 982(a)(1) (money laundering offense). As a result of these offenses, Defendant BEHROUZ PARSARAD, aka BEHROUZ PARSA, aka BEHROUZ PAEINSHAHRI, aka FRANCIS, aka FATHERFRANCIS, aka FRANCIS_NEMESIS, aka JOHN KOTKIN, shall forfeit to the United States: any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the drug offenses; any and

all of his property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the drug offenses; and, any and all property, real and personal, involved in the money laundering offense, and any property traceable to such property.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.